UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANDREAS and TESS NOTTEBOHM,  No. 10-14145

                Debtor(s).
_____/

Memorandum and Order Denying Application to Reopen Case
_____

      Chapter 7 debtors Andreas and Tess Nottebohm have filed an application to reopen this Chapter 7 case, in order to file an amended schedule to add an omitted creditor. This is the second time they have done so. As the court explained to them once before on June 20, 2014 [docket #150], amendment would be a meaningless act so that the application to reopen must be denied.

      Omitted debts are covered by § 523(a)(3) of the Bankruptcy Code. The key provision is "notice or actual knowledge" of the bankruptcy, not scheduling. If this case was closed as a no-asset case, informing the creditor of it even after it has been closed may be sufficient to discharge the debt if no grounds to contest the discharge of the debt ever existed. If the debt would have been excepted from discharge pursuant to § 523(a)(2), (4), or (6), but the creditor did not have knowledge of the case in time to file a timely adversary proceeding pursuant to § 523(c), then the debt may be nondischargeable under § 523(a)(3). *In re Lochrie* (9th Cir.BAP 1987) 78 B.R. 257.

      There is no such thing as a "Motion to Affirm Discharge of Debt." If there is any dispute as to whether a debt has been discharged, it must be resolved in an adversary proceeding pursuant to FRBP

1

7001(6). Such an adversary proceeding may be filed without reopening the case. *In re Staffer*, 306 F.3d 967, 972-73 (9th Cir. 2002). Nor is a filing fee required. FRBP 4007(b). The debtors know this, as they filed an adversary proceeding after the court denied their prior request to reopen.

A motion to reopen must be denied when it would not result in any relief. In affirming the bankruptcy court's refusal to allow a debtor to reopen his case, the Court of Appeals specifically noted: "After [a Chapter 7 case] has been closed, dischargeability is unaffected by scheduling; amendment of [the debtor's] schedules would thus have been a pointless exercise." *In re Beezley,* 994 F.2d 1433, 1434 (9th Cir. 1993). See also *In re Madaj*, 149 F.3d 467, 468 (9th Cir. 1998)[In a Chapter 7 case "reopening the case merely to scheduled [an omitted] creditor is for all practical purposes a useless gesture."].

For the foregoing reasons the debtors' application to reopen this case is denied, without prejudice to an adversary proceeding.

SO ORDERED.

Dated: March 17, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

2